FILED
2007 Jul-31 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **CLATUS JUNKIN and** )<br>**JUNKIN PROPERTIES, INC.,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**DESTIN LAND & TITLE, INC.,** )<br>**EMERALD GRANDE, INC., MALCOLM** )<br>**McMULLEN, and CITIZENS BANK** )<br>**OF FAYETTE,** )<br>)<br>Defendants. ) | Civil Action Number<br>**6:07-cv-1359-UWC** |

**MEMORANDUM OPINION ON
MOTION TO REMAND**

This removal action implicates letters of credit ("LOCs") issued by Defendant Citizens Bank of Fayette ("CBF") in connection with transactions involving the proposed purchase by Plaintiffs of one or more condominiums in Destin, Florida. On different grounds, both the Plaintiffs and the Defendants agree that this Court lacks jurisdiction. Plaintiffs have filed a motion to remand the case to the state court from which it was removed; and the Defendants have moved to dismiss for want of *in personam* jurisdiction.

For the reason set forth below, the Plaintiffs' motion is due to be granted.

I. The Material Facts

The operative jurisdictional facts are undisputed. Plaintiffs Clatus Junkin and Junkin Properties, Inc. ("JPI") are domiciled in Alabama. Defendants Destin Land & Title, Inc. ("Destin Land"), Emerald Grande, Inc. ("EGI"), and Malcolm McMullen are citizens of Florida. Defendant CBF is domiciled in Alabama.

This case was initially filed on July 16, 2007, as a declaratory judgment and fraud action in the Circuit Court of Fayette County, Alabama. In the complaint, the Plaintiffs allege that in 2005, they agreed to purchase from EGI a condominium and a fractional interest in another condominium in Okaloosa County, Florida. They allege that the agreements were subject to EGI's providing all relevant condominium documents relating to the sales, and to their right of recision and cancellation within ten or fifteen days after receiving such documents. As a condition of the purchase, the Plaintiffs were required to pledge, and did pledge, four LOCs drawn on their bank, CBF. Plaintiffs allege that after the execution of the agreements, EGI failed to provide the requisite documents; and that because of this failure, they gave notice of cancellation and recision on June 19, 2007. Plaintiffs claim that EGI and its agent, Defendant Malcolm McMullen, ignored the notice of cancellation, and proceeded toward closing. Allegedly based on EGI and McMullen's representation that parties were proceeding to closing, EGI's escrow agent, Destin Land, demanded that CBF

transfer the funds under the LOCs to Destin Land. Plaintiffs allege that in the absence of injunctive relief, CBF will transfer the LOC funds, to the detriment of the Plaintiffs.

On July 16, 2007, the Circuit Court of Fayette County issued a Temporary Restraining Order ("TRO") against the Defendants, and set a hearing on the Plaintiffs' Motion for a Preliminary Injunction for July 24, 2007. On July 23rd, the Defendants removed this action to this Court.[1]

CBF filed its Answer in this case on July 25th.[2] The Answer effectively aligns CBF with the other Defendants. Among other things, it demands strict proof that the Plaintiffs gave notice of cancellation of the agreements. Since CBF is in the best position to know whether it intends to transfer the LOC funds to Destin Land in the absence of an injunction, the Court treats CBF's demand for strict proof as an admission that it will transfer such funds on Destin Land's request.[3] CBF's Answer does not contend that it is merely a nominal or formal party, a disinterested stakeholder in this case. It does not disclaim an interest in the case.

---

[1] The TRO has been extended to August 4th, by agreement of the parties.( *See,* Doc. 10.)

[2] (*See*, Doc. 5.)

[3] Plaintiffs' counsel has assured the Court that if CBF transfers these funds, it will amend the complaint to add a cause of action against CBF.

II. Controlling Legal Principles

Federal courts are limited in their jurisdiction. Unless specifically authorized by Congress, district courts have no power to hear and determine a case or controversy. Congress has bestowed original jurisdiction on the district courts "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . , and is between . . . citizens of different states." 28 U.S.C. § 1332(a). An action bought in state court may be removed to the federal district court if the court would have had original jurisdiction and none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. §1441. Put another way, removal requires complete diversity.

Indispensable parties or nominal defendants may be disregarded for diversity purposes. *Salem Trust Co. v. Manufacturers' Finance Co.,* 264 U.S. 182, 190; 44 S.Ct. 266, 267 (1924).[4]

---

[4] *Salem Trust* was a lawsuit involving a Massachusetts corporation and a Delaware corporation, both of which were assignees of a debt insufficient to satisfy both assignments. The assignees agreed that the disputed fund would he held in trust by the Massachusetts International Trust Company, a Massachusetts domiciliary, until either they could reach agreement on the distribution of the funds or a court decided the matter. Subsequently, the Massachusetts assignee commenced an action in a Massachusetts state court against the Delaware corporation and the trust company. The case was removed to federal court, and the jurisdiction question was raised by a motion to remand. The Supreme Court observed:

> This suit involves a controversy between the petitioner, a citizen of Massachusetts, and the respondent, the Finance Company, a citizen of Delaware, which can be determined without affecting any interest of the other respondent, International Trust Company, a citizen of Massachusetts. The latter is not an indispensable party. See *Niles-Bement Co. v. Iron Molders Union*, 254 U.S. 77, 80; 41 Sup.Ct. 35, 65 L.Ed. 145. It has no interest in the controversy between

III. Analysis

The ultimate jurisdictional question is this: Is CBF a nominal party to this litigation?

The answer to the question must be in the negative. CBF will transfer the LOC funds to Destin Land as soon as the demand is made, regardless of whether the Plaintiffs have lawfully cancelled the agreements under which the LOCs were issued. When it does so, it will subject itself to causes of action for wrongful payment, breach of contract, and conversion. Thus, CBF has a real stake in this action; it has a dog in this fight. And it has chosen the side on which it wishes to fight.

Since CBF is an Alabama citizen, there is no diversity jurisdiction in this Court.

Accordingly, by separate order, the Motion to Remand will be granted.

---

the petitioner and the other respondent. Its only obligation is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it. On the question of jurisdiction, an unnecessary and dispensable party will not be considered. *Walden v. Skinner*, 101 U.S. 577, 589, 25 L.Ed.963; Bacon v. Rives, 106 U.S. 99, 104, 1 Sup.Ct. 3, 27 L.Ed. 69; *Ex parte Nebraska, supra*. The cases of *Wilson v. Oswego Township*, 151 U.S. 56, 14 Sup.Ct. 259, 38 L.Ed. 70, and *Construction Co. v. Cane Creek*, 155 U.S. 283, 15 Sup.Ct.91, 39 L.Ed. 152, do not support the contention that this case was not properly removed to the federal court. These cases hold that where the object of the suit is to recover possession of property the one in possession is a necessary and indispensable, and not a formal party. Here, no cause of action exists against the International Trust Company, because it has not been determined which of the other parties is entitled to payment.

_____
U.W. Clemon
United States District Judge